The Chief Justice
delivered the opinion of the court.
This was an action cf ejectment. Sundry persons were admitted defendants for distinct parcels of land claimed by the lessors of the plaintiff, for all of whom a verdict and judgment were given, except Dougherty, who prosecutes this appeal:
4mortgagor cannot maintain an eject-me"* *f U‘e is unpaid.
Afomanc/'of the condition a. mort* ^he 'con-ditfon, as it relates to a ⅛ presumed ve been performed, ^ranf toshew the contrary,
Bibb for plaintiff in erro;.
■The point which we deem most material to be. noticed, is, whether the court below erred in refusing to permit the defendants, after they had produced, and read on the trial, a mortgage of ihe land in dispute, from one under whom the lessor of the plaintiff derives title to a third person, to prove that the money secured by the mortgage remained due and unpaid, and in instructing the jury that if the money was still due, the mortgage was no bar to the plaintiff’s right of recovery.
It cannot admit of a doubt, that whenever a mortgage is regularly executed by one having the legal title, it is thereby transferred to the mortgagee, and that of course he must be immediately possessed of the right of entry. It is true, that if the condition bp performed, the legal title will, tke terms of the mortgage itself, revest in the mortgagor, But if the condition be not complied with, it is clear that the title which passed by the mortgage, must still remain with the mortgagee. After the time has elapsed for the performance of'the condition of a mortgage, as between strangers it will be presumed to be performed, and therefore it has been held that a mortgage to a third person bo set up as an outstanding legal title, which will defeat a recovery in an action of ejectment, after the time stipulated for the performance of the condition, without proof that the condition had not been performed. But as the presump-tioii of the performance of the condition in such case, is mere presumption of fact; proof that the fact is otherwise, is unquestionably admissible; for it is a settled rule, that a presumption only stands till the contrary is proved. We are therefore of opinion, that the court below erred in refusing to permit the defendants to prove that the money se-pured by the mortgage was due and unpaid, and in instructing the jury that if the money was still due, the mortgage Was no bar to the plaintiffs right of recovery.
Many other points were made in the court below, by bills of exception taken by the defendants; but as we are of opinion that these, so far as we can perceive that they have any bearing upon the appellant, were correctly decided; and as the judgment must be reversed upon the ground already mentioned, we think it unnecessary to particularly notice the other points.
Judgment reversed with costs, and cause remanded for new trial.